RENDERED: AUGUST 25, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0426-MR

KENTUCKY BOARD OF MEDICAL
LICENSURE                                                          APPELLANT


                      APPEAL FROM JEFFERSON CIRCUIT COURT
v.                    HONORABLE AUDRA J. ECKERLE, JUDGE
                      ACTION NO. 21-CI-007145


KENDALL E. HANSEN, M.D.                                              APPELLEE


                              OPINION AND ORDER
                                  REVERSING

                              ** ** ** ** **

BEFORE: EASTON, LAMBERT, AND McNEILL, JUDGES.

LAMBERT, JUDGE: The Kentucky Board of Medical Licensure ("the Board")

appeals from an order of the Jefferson Circuit Court granting a declaratory

judgment and permanent injunction to Kendall E. Hansen, M.D. ("Dr. Hansen"),

which prevents the Board from enforcing an emergency order suspending Dr.

Hansen's ability to prescribe controlled substances. We reverse without

consideration of the merits because Dr. Hansen failed to file an appellee brief.

Dr. Hansen was indicted in federal court in Covington, Kentucky, for allegedly improperly writing prescriptions for controlled substances. In response, the Chair of the Board's Inquiry Panel issued an emergency order which allowed Dr. Hansen to practice medicine but prohibited him from prescribing or dispensing controlled substances. That order was designed to last until the criminal charges were resolved.

At Dr. Hansen's request, a hearing officer soon thereafter conducted a hearing regarding the propriety of the emergency order. At that hearing, the Board predominantly relied upon the indictment. The hearing officer denied as irrelevant Dr. Hansen's request to submit evidence regarding his practice's approach to prescribing controlled substances. After the hearing officer upheld the emergency order, Dr. Hansen filed a complaint in the trial court attacking the administrative regulation governing physicians' appeals of emergency orders. The gist of Dr. Hansen's attack is that the regulation deprives a doctor of a meaningful hearing to contest an emergency order since the Board may simply rely on the issuance of an indictment as grounds to issue an emergency order, and a hearing officer is, as a practical matter, powerless to disturb the order.

The trial court eventually issued a decision wholly favorable to Dr. Hansen. The court agreed with Dr. Hansen that 201 Kentucky Administrative Regulation ("KAR") 9:240 §§ 3 and 5 were unconstitutional because they did not

afford him a meaningful opportunity to be heard. The court also issued a permanent injunction preventing the Board from enforcing its emergency order, though the court stayed enforcement of the injunction until this appeal is resolved.

The Board appealed. We granted Dr. Hansen's counsel's motion to withdraw in October 2022. The Clerk of this Court mailed a copy of that order to Dr. Hansen. The copy of the order sent to Dr. Hansen was not returned to us as being undeliverable. No counsel subsequently appeared on Dr. Hansen's behalf. Dr. Hansen failed to submit an appellee brief by the January 3, 2023, deadline.

Against that procedural backdrop, the Board filed a motion to submit the appeal for final disposition. That motion asked us to submit the matter for a final decision and to reverse summarily due to Dr. Hansen's failure to file a brief. A motion panel granted the portion of the motion asking for the appeal to be submitted for a final decision but deferred to a merits panel the Board's request to summarily reverse. The copy of that order mailed by our Clerk of Court to Dr. Hansen was returned as undeliverable. Later, the copy of the order stating that oral argument would not be conducted in this case was also returned as undeliverable.

Kentucky Rule of Appellate Procedure ("RAP") 31(H)(3) provides that if an appellee's brief is not timely filed, we may "(a) accept the appellant's statement of the facts and issues as correct; (b) reverse the judgment if appellant's brief reasonably appears to sustain such action; or (c) regard the appellee's failure

-3-

as a confession of error and reverse the judgment without considering the merits of the case."[1]  Having considered the facts and circumstances of this case, we choose to regard Dr. Hansen's failure to submit a brief as a confession of error and reverse the judgment without consideration of the merits.

We decline to expend our scarce judicial resources to resolve issues about whether Dr. Hansen should be able to prescribe and dispense controlled substances when he is so disinterested in the appeal's outcome that he did not bother to file a brief.  Indeed, Dr. Hansen did not keep this Court abreast of his current address, a failure which also shows a lack of interest in this appeal.  Our conclusion is reinforced by the fact that this appeal also apparently presents matters of first impression regarding the constitutionality of an administrative regulation – a topic we are reluctant to address without having the benefit of full briefing by all interested parties.

Our approach is consistent with precedent involving similar facts.  Specifically, we are guided by *Commonwealth, Department of Public Safety v. Skiadas*, 454 S.W.2d 110, 110 (Ky. 1970), the entirety of which reads as follows:

> The Department of Public Safety revoked the license of appellee, George K. Skiadas, to operate a motor vehicle.  Pursuant to KRS [Kentucky Revised Statute] 186.565(5) he appealed to the circuit court for review.  It held the revocation unauthorized and entered

---

[1] RAP became effective on January 1, 2023, shortly before the deadline for submission of Dr. Hansen's brief.  However, a similar provision has been part of Kentucky law for many decades.

judgment directing that the license be reinstated. The Department appeals – we reverse.

Appellant has fully briefed the issues. Skiadas has filed no brief, therefore, we are authorized by [former appellate rule] 1.260 to impose certain penalties. Subsection (c)(3) of that rule authorizes this court to "regard the appellee's failure as a confession of error and reverse the judgment without considering the merits of the case." We consider that penalty appropriate in the circumstances.

The judgment is reversed for the entry of a judgment sustaining the revocation of the license.

Obviously, a driver's license and a license to practice medicine are not the same. However, *Skiadas* is otherwise indistinguishable from this case: an administrative agency revoked a license, a circuit court reversed the agency's decision, the agency appealed, and the licensee inexplicably failed to file an appellee brief. Indistinguishable cases should yield the same result. Thus, we follow the example of Kentucky's then-highest court and reverse the judgment here without consideration of the merits.

For the foregoing reasons, the Jefferson Circuit Court is reversed, and the matter is remanded for issuance of a judgment sustaining the emergency order at issue. The motion of the Kentucky Board of Medical Licensure to reverse the Jefferson Circuit Court without consideration of the merits due to Kendall Hansen's failure to file an appellee brief is **granted**.

ALL CONCUR.

-5-

ENTERED:  August 25, 2023___    _____
                                JUDGE, COURT OF APPEALS


BRIEF FOR APPELLANT:                NO BRIEF FOR APPELLEE.

Sara Farmer
Nicole A. King
Louisville, Kentucky